IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Daniel Walters, | ) |
| Plaintiff, | ) |
| v. | ) No.   1:20-cv-2713 |
| G.L.A. Collection Company, Inc., a, Kentucky corporation, | ) |
| Defendant. | ) Jury Demanded |

**COMPLAINT**

Plaintiff, Daniel Walters, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Daniel Walters ("Walters"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed for ambulance services.

4. Defendant, G.L.A. Collection Company, Inc. ("GLA"), is an Kentucky corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts that it did not originate, in the State of Indiana. In fact, Defendant GLA was acting as a debt collector as to the defaulted consumer debt at issue here.

5.   Defendant GLA is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6.   Defendant GLA is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.   Defendant sent Mr. Walters an initial form collection letter, dated March 25, 2020. This collection letter stated that it was "RE: Pike Township Fire Dept", and then further stated "[Y]our account has been placed with our company for collection". The letter failed to advise Plaintiff as to the name of the creditor to whom the debt was then owed. A copy of Defendant's collection letter is attached as Exhibit C.

8.   Because the letter did not explain whether Pike Township Fire Dept was, and still is, the creditor to whom the debt was owed, and because it did not say that GLA represented Pike Township Fire Dept to collect the debt at issue and, instead, stated that "Your account has been placed with our company for collection" by an unidentified entity, Mr. Walters was unsure as to whom he owed the debt at issue, which worried and concerned him. Thus, Defendant's letter failed to effectively state the name of the creditor to whom the debt was then owed.

9.   A statement that Pike Township Fire Dept still owned the debt and was the current creditor to whom the debt was then owed, would have sufficed to identify

effectively the name of the creditor to whom the debt was then owed.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016). Plaintiff was, in fact, confused as to whom he owed the debt at issue.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide Mr. Walters with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed" see, 15 U.S.C. § 1692g(a)(2).

14. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the name of the creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Steffek v. Client Services, Inc., 948 F.3d 761, 766-67 (7th Cir. 2020).

15. Defendant's violation of § 1692g of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Daniel Walters, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Walters and against Defendant, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel Walters, demands trial by jury.

Daniel Walters,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 19, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

4

John T. Steinkamp (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

5